# Schoenberg *v.* Provident Beneficial Association, Appellant.

*Insurance—Life insurance—Attaching application to policy—Act of May* 11, 1881, *P. L.* 20.

Where an association is sued as a corporation duly incorporated under the laws of the state of Pennsylvania, for the purpose of carrying on an insurance business, and this is not denied, the defendant cannot claim that it is merely a beneficial association, and as such not subject to the provision of the Act of May 11, 1881, P. L. 20, requiring the application to be attached to the policy in order to sustain proof of a misrepresentation of a material fact contained in the application.

Argued Oct. 8, 1908. Appeal, No. 73, Oct. T., 1908, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1908, No. 339, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Margaret K. Schoenberg v. Provident Beneficial Association. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for death benefits.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Theodore J. Grayson,* for appellant.

*Alfred Aarons,* with him *Henry N. Wessel,* for appellee.

OPINION BY MORRISON, J., December 7, 1908:

In this case there was a recovery against the defendant on an insurance policy, issued by it, on the life of Augustus P. Schoenberg; the loss to be paid to Margaret K. Schoenberg, plaintiff.

The learned counsel for appellant states the question involved, "Whether under the provisions of the Act of May 11,

1881, sec. 1, P. L. 20, a beneficial association operated for the mutual benefit of its members is obliged to attach the application for membership to its certificate of membership in order to avail itself of a misrepresentation of a material fact contained in said application as a defense to a death claim based upon the certificate in question."

The case depends entirely upon the construction given to the Act of May 11, 1881, P. L. 20, in relation to the present case as disclosed by the pleadings and affidavit of defense.

The assignment of error is: "The Court erred in entering judgment for the plaintiff for want of a sufficient affidavit of defense." The defense averred in the affidavit is that the insured made a false and fraudulent representation in his application in pursuance of which the policy declared upon by the plaintiff was issued. This application was not contained in nor attached to the policy as required by the act of 1881. To avoid this difficulty, the learned counsel for defendant contends that the defendant company is not a life or fire insurance company within the meaning of the act of 1881, but that it is a beneficial association operated for the mutual benefit of its members and that it is not required to attach the application for membership to its certificate or policy.

But the plaintiff's declaration distinctly avers that the defendant association is a corporation duly incorporated under the laws of the state of Pennsylvania, for the purpose of carrying on an insurance business. The policy or certificate attached to the declaration and made part thereof, in plain terms, insured the life of Augustus P. Schoenberg, and on due notice and proof of his death promises to pay $250 to Margaret K. Schoenberg, wife of the insured, his executors, administrators or assigns. Thus it appears that the defendant association is sued as an insurance company and this is not denied in the affidavit of defense. It is practically admitted that the insurance was on the life of the plaintiff's husband and that it was payable to her on notice and proof of his death. Upon this record, we think the act of 1881 prohibits the defense being made which is set up in the affidavit of defense for the reasons already stated.

This view of the case renders it unnecessary to consider and decide the question discussed as to whether the act of 1881 applies to a purely beneficial association. We hold that on the record before the court there was no error in excluding the averments ·of false and fraudulent representations contained in the application for insurance on the life of the husband of the plaintiff.

The assignment of error is dismissed and the judgment is affirmed.